## GOAD MOTOR CO. v. GROTE.
### No. 8650.

Court of Civil Appeals of Texas. San Antonio.
Oct. 21, 1931.

Rehearing Denied Nov. 25, 1931.

Wm. H. Russell and E. L. Early, both of San Antonio, for appellant.

Cunningham, Moursund & Johnson, of San Antonio, for appellee.

SMITH, J.

This controversy arose out of the alleged sale of a used automobile belonging to appellant and sold to appellee. The sale was effected by one Thomas, an agent of appellant.

It appears that appellant contracted to sell the car to a third party, and Thomas was directed by appellant to take the car and procure from the third party the papers necessary to closing the deal. Instead of following these instructions of his employer, however, Thomas took the car to appellee, sold and delivered it to him, pocketed the proceeds of the sale, and disappeared.

Appellant sued appellee to recover the car, or its value, and sequestrated it, whereupon appellee reconvened and recovered the market value of the seized car. The appeal hinges upon the question of the actual or apparent authority of Thomas to bind appellant in the transaction.

The trial court found, upon sufficient evidence, that for several weeks prior to the transaction, as well as at the time thereof, Thomas was an automobile salesman for appellant, and that his duties included those of demonstrating and offering appellant's cars for sale. The evidence warranted the implied further findings that Thomas was acting within the apparent scope of his authority in effecting this sale to appellee.

■ These express and implied findings warranted the judgment rendered. It is true that Thomas was actually acting under peculiar instructions and authority, which, had they been known to appellee, may have had the effect of voiding the sale. But appellee had no notice of these private instructions, and was therefore not affected by them.

The judgment is affirmed.